UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS-ALEXANDRE NOEL ALBERT DALBIS,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC EMPLOYEES OF SECURITY AND INTELLIGENCE SERVICES OF FRANCE AND EUROPE, *et al.*,<br><br>Defendants. | Case No. 24-cv-1434 (JMC) |

## **MEMORANDUM OPINION**

Pro se Plaintiff Louis-Alexandre Noel Albert Dalbis filed a civil complaint against various Defendants, including the National Gendarmerie (of France), a group of unnamed "[p]ublic employees of security and intelligence services" of Europe and France, and an individual named Laurant Mauve-Cecile. ECF 1. For the reasons discussed below, the Court **DISMISSES** the complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2).

Federal Rule of Civil Procedure 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Pleadings filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v.*

1

*Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must comply with the Federal Rules of Civil Procedure.

Dalbis's complaint does not satisfy these requirements. The complaint invokes the Torture Victim Protection Act of 1991 and seeks five billion dollars in damages for "the same crime from approximately 1996 to 2024." ECF 1 at 3–4. The alleged "crime" at issue involves "multiple attempts [on] [Dalbis's] life" between 1996 and 2005, Dalbis being "approached by a female person" who "used [intelligence] techniques" on him between 2005 and 2009, and "advanced psychological manipulation . . . with the potential use of chemical products" between 2009 and 2024. ECF 1 at 7. Yet there are no well-pled factual allegations that describe this multi-decade streak of unlawful conduct with any degree of detail capable of providing "fair notice" to Defendants as to the basis of this action. *See Twombly*, 550 U.S. at 555. And although the Court has also reviewed Dablis's 148 pages of additional "documents in support of the complaint," the allegations therein offer little more than a series of confusing narratives describing, for example, "a drug dealer . . . want[ing] to sell or give drugs to children" around 1996 or "the use of a female person" to effect "Phagocytosis" upon Dalbis several years later. ECF 12 at 3, 12, 122. That is to say, even construing the complaint and accompanying documents liberally, the Court is unable to identify what cognizable harm Dalbis has suffered, who caused him that harm, and how the law entitles him to any relief.

Dalbis's complaint is therefore dismissed for failure to comply with Rule 8(a)(2). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte* for failing to comply with Rule 8(a)); *Hamrick v. United States*, No. 10-cv-857, 2010 WL 3324721, at *1 (D.D.C. Aug.

2

24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

The Court will grant Plaintiff leave to refile within 30 days (i.e., by August 8, 2024) an amended complaint that cures the existing deficiencies. If he does not file an amended complaint within that timeframe, files an amended complaint that recycles the present complaint, or otherwise fails to comply with Rule 8, this action may be dismissed with prejudice. *Brown*, 164 F. Supp. 3d at 35. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: July 9, 2024