UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS-ALEXANDRE NOEL ALBERT DALBIS,<br><br>                    Plaintiff,<br><br>     v.<br><br>PUBLIC EMPLOYEES OF SECURITY AND INTELLIGENCE SERVICES OF FRANCE AND EUROPE, *et al.*,<br><br>                    Defendants. | Case No. 24-cv-1434 (JMC) |

## **MEMORANDUM OPINION**

On April 2, 2024, pro se Plaintiff Louis-Alexandre Noel Albert Dalbis filed a civil complaint against various Defendants, including the National Gendarmerie (of France), a group of unnamed "[p]ublic employees of security and intelligence services" of Europe and France, and an individual named Laurant Mauve-Cecile. ECF 1. On July 9, 2024, this Court dismissed his complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a)(2). ECF 13; ECF 14. Plaintiff timely filed an amended complaint one day later, ECF 22, along with various filings in support of his complaint, ECF 18; ECF 19; ECF 20; ECF 21. None of these filings remedy the defects of his original complaint.

The amended complaint appears to rely primarily on "documents containing information in relation [to] the complaint," ECF 22 at 4, which Dalbis filed at about the same time as his amended complaint. With the exception of a reduction in his requested damages from five billion dollars to five hundred million, he appears to reassert the same claim under the Torture Victim Protection Act of 1991 based on an alleged "[c]rime against humanity" that took place "from approximately 1996 to 2024." *Compare* ECF 22 at 3–4, *with* ECF 1 at 3–4. Yet none of Dalbis's

1

additional documents shed further light on his claim. He has submitted what the Court understands to be: his employment record, ECF 18 at 2, documents relevant to his immigration status, ECF 19 at 3, his high school and college transcripts and diplomas, ECF 20 at 2, and a primary school report (which is entirely in French), ECF 21 at 1. Despite the voluminous documentation now before the Court, Dalbis has still failed to provide "fair notice" to Defendants as to the basis for his action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As such, at this point, the Court does not find that further opportunities to amend will save Plaintiff's claim. In these circumstances, "where the claimant cannot possibly win relief," the Court may dismiss a complaint "*sua sponte* without notice." *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990).

Dalbis's amended complaint is therefore **DISMISSED** for failure to comply with Rule 8(a)(2) for largely the same reasons stated in this Court's prior opinion. *See* ECF 13 at 2. That is, "even construing the [amended] complaint and accompanying documents liberally, the Court is unable to identify what cognizable harm Dalbis has suffered, who caused him that harm, and how the law entitles him to any relief." *Id.* And as noted in the Court's prior opinion, because Plaintiff failed to file an amended complaint that comports with Rule 8, this action shall be **DISMISSED WITH PREJUDICE**. *Id.* (citing *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016)). A separate order accompanies this memorandum opinion.

    **SO ORDERED.**

                                                                           JIA M. COBB
                                                                           United States District Judge

Date: July 15, 2024